**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**JOSEPH KNIGHT,**<br><br>**Defendant.** | **Case No. 25-CR-21 (RC)** |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. The defendant, Joseph Knight, is before this court after pleading guilty to: (1) two counts of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Aggravated Assault while Armed, in violation of 22 D.C. Code §§ 404.01(b) and 4502(a)(1) and (c); and Assault with a Dangerous Weapon ("ADW"), in violation of 22 D.C. Code § 402, after he violently shot two women, on two separate occasions, numerous times.

For the reasons that follow, the United States respectfully requests that the Court sentence the Defendant to a **total aggregate term of 120 months' imprisonment and five years of supervised release**, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Specifically, the Government asks that the sentence imposed for Aggravated Assault while Armed (Count 3) run consecutive to the sentence imposed for Assault with a Dangerous Weapon (Count 4). The Government also ask that the sentence imposed for the two 18 U.S.C. § 922(g)(1) counts (Counts 1 and 2) run concurrent to the sentence imposed for Counts 3 and 4. Finally, the Government asks that any sentence imposed in 25-cr-21 run concurrent to any sentence imposed

in D.C. Superior Court case number 2025 CMD 016062.

## I. FACTUAL BACKGROUND

The factual proffer to which the Defendant agreed as part of his April 8, 2026, guilty plea establishes the following uncontested facts:

> On September 18, 2024, Defendant Joseph Knight entered the Anacostia Library, located at 1800 Marion Barry Avenue, SE, Washington, D.C., to charge his cellular phone. The defendant then left the library (and his phone), met up with S.F and gave S.F. $5 to buy boot, a synthetic stimulant. A dispute arose between the defendant and S.F. that resulted in the defendant pointing a firearm at S.F. and shooting her seven times, including in both of her legs and hands, before fleeing. The defendant pointed a firearm at S.F. and shot her voluntarily, on purpose, and not by mistake or accident. Members of the Metropolitan Police Department (MPD) found S.F. suffering from multiple gunshot wounds on the sidewalk in front of a vacant lot adjacent to 1649 Marion Barry Ave, SE, Washington, D.C. They also found seven spent 9mm shell casings located next to S.F.
>
> On September 25, 2024, Anacostia Library security officers called MPD after seeing the defendant. Upon MPD's arrival, the defendant fled and dropped a satchel that contained a 9mm Smith and Wesson M&P firearm (serial number HXJ7515). The firearm had one round in the chamber and 17 rounds in the magazine. The defendant knew that there was a firearm in the satchel and voluntarily and on purpose, and not by mistake or accident possessed the firearm and the ammunition contained inside of it.
>
> On November 11, 2024, T.C. called 9-1-1 after the defendant shot her. MPD was dispatched to the offense location—about a block and a half from the Anacostia Library. When officers arrived at the location, T.C. told them that she was changing the locks to her front door when she got into a verbal argument with the defendant. The verbal argument escalated, and the defendant pulled out a 9mm Canik METE MCS firearm (serial number 24CT10596) that was loaded with 9mm ammunition, pistol whipped T.C. in the head, and then shot her voluntarily and on purpose, and not by mistake or accident three times – in the abdomen, ankle, and upper thigh. When the defendant shot T.C., he caused serious bodily injury to T.C. The defendant intended to cause serious bodily injury to her. The defendant knew that the 9mm Canik METE MCS firearm was a firearm and voluntarily and on purpose, and not by mistake or accident possessed the firearm and the ammunition contained inside of it.
>
> The defendant has prior criminal felony convictions punishable by a term of incarceration greater than one year. On August 2, 2013, the defendant was convicted of one count of Carrying a Pistol Outside of a Home/Business in Washington, D.C. Superior Court case number 2013 CF2 004136 and sentenced to

13 months' imprisonment. On May 16, 2016, the defendant was convicted of four counts of Robbery and one count of Unlawful Possession of a Firearm (Prior Conviction) in Washington, D.C. Superior Court case number 2015 CF3 012730. The defendant was sentenced to 2 years' confinement for each of the Robbery counts and 3 years' confinement for the Unlawful Possession of a Firearm (Prior Conviction) count. As a result, the defendant was aware before September 18, 2024 that he had a prior conviction for a crime punishable by more than one year.

Moreover, there are no firearms or ammunition manufacturers in Washington, D.C. Therefore, the 9mm Smith and Wesson M&P firearm (serial number HXJ7515) and the rounds of ammunition contained within the firearm, as well as the 9mm Canik METE MCS firearm (serial number 24CT10596) and the rounds of ammunition contained within the firearm, must have travelled across state lines.

## II. PROCEDURAL HISTORY

On January 21, 2025, a federal grand jury empaneled in the District of Columbia returned an eight-count Indictment charging Joseph Knight with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (Counts 1, 4, 5 and 8), in violation of 18 USC § 922(g)(1); Aggravated Assault while Armed (Counts 2 and 6), in violation of 22 DCC §§ 404.01 and 4502; and Possession of a Firearm During a Crime of Violence (Counts 3 and 7), in violation of 22 DCC § 4504(b).

On April 3, 2026, the United States Attorney for the District of Columbia filed a four-count Superseding Information charging Defendant Knight with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (Counts 1 and 2), in violation of 18 USC § 922(g)(1); Aggravated Assault while Armed (Count 3), in violation of 22 DCC §§ 404.01 and 4502; and Assault with a Dangerous Weapon (Count 4), in violation of 22 DCC § 402.

On April 8, 2006, the Defendant pled guilty to the four-count Superseding Information, pursuant to written plea agreement.

## III. LEGAL STANDARD

Under the plea agreement, Defendant Knight and the Government agreed that the sentence of 120 months' imprisonment was appropriate in consideration of the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Voluntary Sentencing Guidelines for the District of Columbia. The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
> (i) issued by the Sentencing Commission ...; and
> (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
> (A) issued by the Sentencing Commission ... and
> (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

## IV. ANALYSIS OF THE D.C. SENTENCING GUIDELINES

Under the D.C. Voluntary Sentencing Guidelines, Aggravated Assault while Armed (Count 3) is classified as a Group 4 Offense and Assault with a Dangerous Weapon (Count 4) is classified as a Group 6 Offense. *See* Draft PSR at ¶¶ 40, 41. Defendant Knight is estimated to have a criminal history score of four, placing him in Criminal History Category "D." *See* Draft PSR at ¶ 55. The guideline range for a Group 4 Offense (Count 3) and Criminal History Category D is 84 to 156 months' imprisonment (mandatory minimum of 60 months). *See* Draft PSR at ¶ 113. The guideline range for a Group 6 Offense and Criminal History Category D is 36 to 78 months' imprisonment. *See* Draft PSR at ¶ 114. According to 7.1(a)(3), counts sentenced on the same day must be sentence consecutively where they comprise of multiple crimes of violence involving multiple victims in multiple events. Draft PSR at ¶ 115. Therefore, the Defendant's guideline range for Counts 3 and 4 is 120-234 months.

## V. ANALYSIS OF U.S. SENTENCING GUIDELINES

According to the plea agreement signed by both Defendant Knight and the Government, the parties agree that the Defendant has a Criminal History Score of 9 points, and a Criminal History Category of IV pertaining to Counts 1 and 2. *See* Draft PSR at ¶7. The parties estimate the Defendant's guideline range to be 57 to 71 months' imprisonment.

According to U.S. Probation, one additional criminal history point is added to the Defendant's Criminal History Score because he has seven or more points under U.S.S.G. § 4A1.1(a)-(d) and he committed the instant offense while under a criminal justice sentence. *See* Draft PSR at ¶51. Therefore, the Defendant's total Criminal History Score for Counts 1 and 2 is 10, his Criminal History Category is V, and his guideline range is 70 months to 87 months' imprisonment. *See* Draft PSR at ¶¶ 52, 112. Neither party disputes this calculation.

## VI. THE GOVERNMENT'S SENTENCING RECOMMENDATION

The crimes at issue here merit a lengthy term of incarceration. In this case, sentencing is guided by 18 U.S.C. § 3553(a). Some of the factors this court must consider include: the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1); the history and characteristics of the defendant, *id.*; the need for the sentence to afford adequate deterrence, 18 U.S.C. § 3553(a)(2)(B); and the need to avoid unwarranted sentence disparities, § 3553(a)(6).

### A. Nature and Circumstances of the Offense

The nature and circumstances of this offense are serious and warrant a very lengthy sentence of imprisonment.

The Defendant not only illegally possessed two firearms, but he also pointed those firearms at people and shot them. Here, the Defendant has admitted to shooting not one, but two women, multiple times within a matter of months. According to the Defendant's proffer on September 18, 2024, Defendant Knight pointed a firearm at S.F. and shot her seven times in both of her legs and hands. When police responded to the scene, they found S.F. lying on the ground riddled with bullets. *See* Figure 1, below. This was not an accident. It was done on purpose. The Defendant shot S.F. in a manner to inflict pain upon her.




*Figure 1: BWC Still of S.F. Suffering Multiple Gunshot Wounds*

S.F. ultimately underwent surgery on her left leg as a result of the injuries she sustained. The fact that Defendant Knight shot S.F. in such a cruel manner in and of itself justifies a 120-month sentence. However, the need for such a sentence is compounded by the Defendant's conduct – shooting a second woman, his romantic partner – less than two months later.

On November 11, 2024, Defendant Knight got into a verbal argument with his girlfriend, T.C. However, instead of trying to resolve the dispute amicably, the Defendant pulled out a gun, pistol whipped T.C. in the head and then shot her three times – in the abdomen, ankle, and upper thigh. When law enforcement arrived, they found T.C. standing outside of 2020 19th Street Place, Southeast holding onto the side of a mailbox. When they asked T.C. what happened, she told them

that her boyfriend shot her. When law enforcement processed the scene, they recovered six spent shell casings on the sidewalk in front of 2020 19th Place.



*Figure 2: Crime Scene Photo of Blood on the Sidewalk by the Mailbox*



*Figure 3: Crime Scene Photo of Shell Casings on Sidewalk Outside of 2020 19th Street Place*

Shooting one person, multiple times is egregious conduct that deserves a lengthy sentence. But shooting two people, multiple times, within a short period of time, is especially egregious. Especially because both people could have been killed. The Defendant's actions show that he is unable to control his emotions, resorts to violence to resolve conflict, and continues to be a danger to the public.

**B. History and Characteristics of the Defendant**

A lengthy sentence is warranted in this case to protect the community because the Defendant has a history of committing firearms offenses and seriously violent crimes.

*1. The Defendant is a Very Violent Person*

The Defendant received his first adult conviction on August 2, 2013, when he was convicted of Carrying a Pistol Outside the Home, in D.C. Superior Court case 2013-CF2-004136 *See* Draft PSR at ¶44. Less than 18 months later, the Defendant's criminal behavior quickly escalated into violence when on March 10, 2015, the Defendant got into a verbal argument with a man who was previously in a relationship with the Defendant's girlfriend. *See* Draft PSR at ¶ 47. The argument became physical and the Defendant pulled out a knife and stabbed the man twice in the abdomen. The Defendant also hit the man in the face with a bottle. In that case, in Washington, D.C. Superior Court case number 2015 DVM 000489, the Defendant was convicted of simple assault and attempted possession of a prohibited weapon on May 31, 2016.

On April 15, 2015, a little over a month after he stabbed a man, the Defendant robbed four people at gunpoint. *See* Draft PSR at ¶ 48. He was arrested on September 17, 2015, and sentenced in Washington, D.C. Superior Court case number 2015 CF3 012730, in May of 2016 on four counts of robbery and one count of unlawful possession of a firearm – his second firearms conviction. The Defendant was released from prison on May 17, 2024, and less than 5 months later, while on

supervision and prohibited from possessing firearms, procured one and then shot S.F. seven times. Two months after the Defendant shot S.F., he procured another gun and then shot T.C. three times.

As detailed above, the Defendant seriously injured three people on three separate occasions. These separate acts of violence were not accidents, but rather intentional acts, acts by the Defendant to hurt people. Stabbing someone with a knife is unacceptable. Shooting one person multiple times is unacceptable. Shooting multiple people, multiple times is incredibly unacceptable and it demonstrates the Defendant's respect for life (or lack thereof). It also is evidence of how quickly and easily the Defendant will resort to violence.

*2. The Defendant Does Not Do Well Under Supervision*

In addition to Defendant Knight being a very violent man, his record while incarcerated and on supervision after he is released from incarceration is very poor. On August 22, 2014, in his CPWL case, the Defendant's probation was revoked in case number 2013 CF2 004136 after he was arrested and convicted of possession of a prohibited weapon in a separate criminal case, case number 2013 CMD 019388.

This is not the only time his probation was revoked. In 2015 DVM 000489, on May 18, 2015, the Defendant pled guilty to simple assault and attempted possession of a prohibited weapon. *See* Draft PSR at ¶ 47. On May 31, 2016, his probation was revoked and he was sentenced to 170 days' imprisonment because he pled guilty to robbing four people at gun point April 15, 2015, in 2015 CF3 012730. *Id*. While serving his sentence for armed robbery in 2015 CF3 012730, the Defendant received 94 disciplinary infractions over an 8-year period – many of them for sexual and/or threatening behavior. *See* Draft PSR at ¶ 48. Finally, as previously mentioned, the Defendant committed the instant set of offenses while on supervision for his armed robbery case.

The Defendant's record is clear. He does not do well in prison, nor once he is released.

When he is in prison, he threatens members of the jail. And when he is released from prison, he commits violent acts while being supervised. The Government urges the Court to sentence the Defendant to a lengthy term of imprisonment to protect the general public from him.

**C. The Need for the Sentence to Afford Adequate Deterrence**

A significant sentence of incarceration is needed to both generally deter violent offenses in the District of Columbia and to deter Defendant Knight from perpetrating violent crimes in the future. *See* 18 U.S.C. 3553(a)(2)(B). As is evident from the defendant's criminal history, he is a violent man who has no qualms stabbing and shooting people. As recounted above, the Defendant has significantly hurt people on three separate occasions. The Defendant's criminal history shows that he can procure weapons easily and that he has no qualms using them. The Defendant received an aggregate term of seven years' imprisonment after he robbed four people. *See* Draft PSR at ¶ 48. And yet, despite being under supervision for that crime, he procured firearms and shot two people on two separate occasions. The Defendant's actions show that seven years' imprisonment is not a sufficiently powerful deterrent to his criminal behavior. Therefore, the Government asks for an aggregate sentence of 120 months' imprisonment, which it views as a sufficiently large deterrent to future criminal behavior. At the very least, the general public will be safe from the Defendant during this time period.

**D. The Need to Avoid Sentence Disparities**

According to the report filed by Probation, defendants with an Offense Level of 21 and a Criminal History Category of V, on average receive a sentence of 66 months' imprisonment. *See* Draft PSR at ¶ 153. Such a sentence is not warranted here for all the previously recounted reasons, namely: (1) the Defendant shot two women on two separate occasions; (2) he shot each victim multiple times, indicating a desire to inflict severe pain upon them; and (3) he unlawfully possessed firearms on two separate occasions. Any one of these facts would warrant sentencing the

Defendant above the average sentence received by other defendants. However, the combination of all three facts makes this instant case more egregious than the average case where a defendant might have simply possessed a firearm but did not discharge it.

**CONCLUSION**

For the foregoing reasons, the United States respectfully asks the Court to sentence Defendant Joseph Knight to an aggregate sentence of 120 months' imprisonment, to be followed by five years of supervised release.

Respectfully submitted,

JEANINE FERRIS PIRRO.
UNITED STATES ATTORNEY

By: /s/ *Jared English*
JARED ENGLISH
D.C. Bar No. 1023926
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: 202-465-0089
Email: Jared.English@usdoj.gov